Friedman, J.
(concurring). I concur in reversing the order ap *179 pealed from, and in denying the motion to dismiss the complaint, on the following grounds. In granting summary judgment dismissing the complaint in the previous action (see IDT Corp. v Tyco Group, S.A.R.L., 13 NY3d 209 [2009], affg 54 AD3d 273 [2008]), neither the Court of Appeals nor this Court held that the obligations of defendants (collectively, Tyco) under the parties’ 2000 settlement agreement had been discharged. Rather, the basis for the dismissal of the earlier action was that the post-discovery record on which those appeals were decided established that, during the period reflected in the record, Tyco had merely proposed terms inconsistent with the settlement and had not definitively repudiated its obligation to abide by the terms of the settlement agreement, if insisted upon by plaintiffs (collectively, IDT) (see 13 NY3d at 214-215; 54 AD3d at 275-276). In the present action — which is still at the pleading stage, Tyco having moved to dismiss the new complaint under CPLR 3211 (a) (1), (5) and (7) — IDT specifically alleges that, in October 2010 (after the earlier action had been dismissed), Tyco went beyond merely proposing terms inconsistent with the settlement agreement and
‘insist [ed] on terms that conflicted with the Settlement Agreement and made a definite and final communication to IDT of Tyco’s intent to forgo its obligations under the Settlement Agreement, including its obligation to provide to IDT the use of the Wavelengths described in the Settlement Agreement for fifteen years and in a manner fully consistent with that described in the Settlement Agreement.”
Given our obligation, at this pre-discovery stage of the proceeding, to assume the truth of the allegations of the complaint and to draw all reasonable inferences in favor of the pleader, the above-quoted allegation of paragraph 50 of the present complaint suffices to sustain the causes of action asserted therein for breach of the settlement agreement and breach of the obligation to negotiate in good faith. Again, it has never been adjudicated that Tyco’s obligations under the settlement agreement have been discharged. Further, the conduct described in paragraph 50 of the present complaint allegedly occurred after the dismissal of the previous action, and neither of the appellate decisions dismissing the previous complaint held that conduct of that kind, if proven, would not constitute a breach of Tyco’s obligations. Accordingly, the dismissal of the previous action does not bar the present action as either res judicata or collateral estoppel.
*180 Tom, J.E, and Acosta, J., concur with Catterson, J.; Friedman, J., concurs in a separate opinion in which Freedman, J., concurs.
Order, Supreme Court, New York County, entered June 20, 2011, reversed, on the law, with costs, and the motion denied.